GLAZIER YEE LLP
GUY P. GLAZIER, SBN 162628
DEBORAH M. PARKER, SBN 228203
707 Wilshire Boulevard, Suite 2025
Los Angeles, California  90017
Telephone: 213-312-9200
Facsimile:  213-312-9201
E-mail:    glazier@glazieryee.com
E-mail:    parker@glazieryee.com

Attorneys for Defendant,
LOCKHEED MARTIN CORPORATION, individually and as successor by merger to GLEN L. MARTIN COMPANY, AMERICAN-MARIETTA CORPORATION, MARTIN MARIETTA and THE LOCKHEED CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARTHUR ROSENGREN,**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**CURTISS-WRIGHT CORPORATION, et al.,**<br><br>　　　　　Defendants. | CASE NO.  2:19-cv-09064-SVW-E<br><br>**DEFENDANT LOCKHEED MARTIN CORPORATION'S NOTICE OF JOINDER IN REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a) (FEDERAL OFFICER)** |

　　　　PLEASE TAKE NOTICE that Defendant Lockheed Martin Corporation, sued individually and as successor by merger to Glen L. Martin Company, American-Marietta Corporation, Martin Marietta, and the Lockheed Corporation ("Lockheed Martin"), hereby joins in Defendant United Technologies Corporation's  ("UTC") removal of the above-entitled action from the Superior Court of California for the County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §1442(a).  This joinder is based on Lockheed Martin's separate and independent right of removal under the federal officer removal statute.  In support, Lockheed Martin offers the following:

//

---

**DEFENDANT LOCKHEED MARTIN CORPORATION'S NOTICE OF JOINDER IN REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a) (FEDERAL OFFICER)**

## I.   Procedural History

1. On or about October 3, 2019 Plaintiff Arthur Rosengren ("Plaintiff" or "Mr. Rosengren") filed a Complaint in the Superior Court of California for the County of Los Angeles entitled *Arthur Rosengren v. Curtiss-Wright Corporation, et al.*, Case No. 19STCV35225 ("Complaint").  The Complaint names multiple defendants, including Lockheed Martin, and alleges causes of action against Lockheed Martin for negligence, breach of express and implied warranties, and strict liability.  The Complaint alleges, in part, that Mr. Rosengren ". . . was diagnosed with mesothelioma on or about May, 2019 . . ." as a result of ". . . asbestos exposure to the products of . . . defendants [,]" including Lockheed Martin.  (*Id*. at p. 21, ¶ 9.)  Plaintiff served Lockheed Martin on or about October 9, 2019.  A true and correct copy of the Complaint and Summons is attached hereto as **Exhibit 1**.

2. Plaintiff concurrently filed a Preliminary Fact Sheet ("Fact Sheet") indicating that the Lockheed Martin products allegedly at issue are "aircraft" while Mr. Rosengren was employed by the United States Naval Reserves from 1949 to 1953.  (Fact Sheet at pp. 44, 46.)  A true and correct copy of the Fact Sheet is attached hereto as **Exhibit 2**.

3. At all times, including Mr. Rosengren's alleged service in the United States Naval Reserves, any and all aircraft supplied by Lockheed Martin to the United States Navy were manufactured for the United States Military in accordance with detailed specifications approved by the United States Government and under the direct supervision, control, orders, and directives of a federal officer acting under color of federal office.

4. This Notice of Removal is being filed within 30 days of the time Lockheed Martin first received notice, via Plaintiff's Complaint and Fact Sheet served on or about October 9, 2019.  Accordingly, this removal is filed within the time period prescribed by law.  *See* 28 U.S.C. §1446(b).

2

**DEFENDANT LOCKHEED MARTIN CORPORATION'S NOTICE OF JOINDER IN REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a) (FEDERAL OFFICER)**

5. This action is one which may be removed to this Court by Lockheed Martin on the grounds of federal officer removal jurisdiction pursuant to 28 U.S.C. §1442(a).

## II. Federal Officer Removal Is Appropriate Under 28 U.S.C. §1442(a)

8. Removal is proper under 28 U.S.C. § 1442(a) when: (a) the defendant seeking removal demonstrates that it is a "person" within the meaning of the statute; (b) the defendant demonstrates a causal nexus between the defendant's actions, taken pursuant to a federal officer's directions and under color of federal office, and the plaintiff's claims; and (c) the defendant asserts a "colorable federal defense." *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d. 1247, 1251 (9th. Cir. 2006).

9. Lockheed Martin is a "person" within the meaning of 28 U.S.C. § 1442(a). *See Goncalves By and Through Goncalve v. Randy Children's Hospital San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017) (holding corporate entities qualify as "persons" under § 1442(a)(1)); *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992).

10. Plaintiff's claims against Lockheed Martin are based, in whole or in part, on Mr. Rosengren's alleged exposure to asbestos from alleged work on or around Lockheed Martin-manufactured military aircraft during his service in the United States Navy from 1949 to 1953. To the extent that the design or manufacture of such aircraft included asbestos-containing components, the United States Government approved reasonably precise specifications for such components. The United States Government also approved reasonably precise specifications as to the existence and content of warnings associated with any such aircraft. Any decision regarding asbestos in such aircraft or the component parts thereof was under the full control and discretion of the United States Government. *See Leite v. Crane Co.*, 479 F.3d 1117, 1123 (9th Cir. 2014). The United States Government, likewise, controlled the content of written materials and warnings associated with such aircraft.

11. Lockheed Martin is entitled to federal officer removal under 28 U.S.C. §1442(a) based upon the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); see also *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016). *Yearsley* established that a government contractor, performing at the direction and authorization of a government officer, is immune from suit based upon performance of the contract in carrying out a government function. *Id*. Here, the *Yearsley* doctrine is satisfied because Lockheed Martin-assembled military aircraft were produced and sold pursuant to validly conferred authority and Lockheed Martin's conduct was within the bounds of that authority. Indeed, if the government had manufactured such aircraft itself, it would be immune from suit; that immunity is extended to Lockheed Martin, which, by virtue of its contractually conferred authority, stepped into the government's shoes.

12. Lockheed Martin is also entitled to federal officer removal under 28 U.S.C. § 1442(a) based upon the separate and independent government contractor federal defense. *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988); *Fung*, 816 F. Supp. at 573. *Boyle* establishes that a government contractor is not liable for injuries caused by design defects in equipment when the contractor builds such equipment according to reasonably precise government-approved design specifications. Here, the government contractor defense is satisfied because the design specifications for military aircraft assembled by Lockheed Martin were government-approved, the aircraft conformed to those specifications, and Lockheed Martin did not fail to warn the government of any dangers known to Lockheed Martin and unknown to the government. The government contractor defense also applies to claims of failure to warn. *See Leite*, 479 F.3d at 1123.

### III.   Procedural Compliance

13. Lockheed Martin satisfies the requirements for removal under 28 U.S.C. § 1442(a) and, therefore, is entitled to remove this entire action. Joinder of the other defendants in this action is not necessary to remove under 28 U.S.C. § 1442(a). *Ely*

4

**DEFENDANT LOCKHEED MARTIN CORPORATION'S NOTICE OF JOINDER IN REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a) (FEDERAL OFFICER)**

*Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F. 2d 1310, 1314 (9th Cir. 1981).

14. Written notice of this Joinder in Removal is being given to Plaintiff by service hereof. Lockheed Martin is informed and believes that Defendant UTC has filed a copy of its Notice of Removal with the Superior Court of California for the County of Los Angeles. (*See* UTC's Notice of Removal, ECF No. 1, at ¶ 20.)

### IV.   Conclusion

15. Removal of this action is proper under 28 U.S.C. § 1442. Plaintiff's Complaint is a civil action brought in state court and this Court has original jurisdiction over the subject matter under 28 U.S.C. §1442(a)(1) because Lockheed Martin was acting as an officer or agent of the United States.

16. **WHEREFORE**, Lockheed Martin Corporation requests that this action proceed in this Court as a properly removed action.

Dated:  November 7, 2019        Respectfully submitted,

GLAZIER YEE LLP

By:  __*/s/ Guy P. Glazier*__
          Guy P. Glazier
          Deborah M. Parker

Attorneys for Defendant,
LOCKHEED MARTIN CORPORATION, sued individually and as successor by merger to GLEN L. MARTIN COMPANY, AMERICAN-MARIETTA CORPORATION, MARTIN MARIETTA and THE LOCKHEED CORPORATION

5

**DEFENDANT LOCKHEED MARTIN CORPORATION'S NOTICE OF JOINDER IN REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a) (FEDERAL OFFICER)**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the below noted date, the aforementioned document was electronically filed with the Clerk of the Court of the United States District Court, Central District of California using the ECF system which sent notification of such filing to all counsel of record.  This document is now available for viewing and downloading from the ECF system.

Dated:  November 7, 2019

GLAZIER YEE LLP

*/s/ Guy P. Glazier*
GUY P. GLAZIER, SBN 162628
Glazier Yee LLP
707 Wilshire Boulevard, Suite 2025
Los Angeles, California 90017
(213) 312-9200
parker@glazieryee.com

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION