TUCKER ELLIS LLP
Lance D. Wilson SBN 183852
lance.wilson@tuckerellis.com
201 Mission Street, Suite 2310
San Francisco, CA 94105
Telephone: 415.617.2400
Facsimile: 415.617.2409

TUCKER ELLIS LLP
Justin E. Garratt SBN 253520
justin.garratt@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Defendant
RAYTHEON TECHNOLOGIES CORPORATION
f/k/a United Technologies Corporation (erroneously sued as "successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ROSENGREN, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CURTISS-WRIGHT CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No.: 2:19-cv-09064-SVW-E<br><br>**[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIALS**<br><br>[Discovery Document: Referred to Magistrate Judge Charles F. Eick]<br><br>Action Filed: October 3, 2019<br>Trial Date:　November 3, 2020 |

## **GOOD CAUSE STATEMENT**

This action may involve production of documents and discussion of trade secrets, research and development, and/or proprietary information for which special protection from public disclosure or any purpose other than prosecution of this action is warranted.

[PROPOSED] PROTECTIVE ORDER REGARDING
CONFIDENTIAL AND EXPORT-CONTORLLED MATERIALS

561440.1

In addition, some of the documents, materials, and information that will be relevant in this matter have disclosure restrictions required by federal regulations of the United States, including, but not limited to, the U.S. Arms Export Control Act, as amended, 22. U.S.C. §§ 2751-2799, the International Traffic in Arms Regulations ("ITAR"), as amended, 22 C.F.R. §§ 120-130, the Export Administration Act, as amended, 50 U.S.C. §§ 4611-4613, the Export Control Reform Act, 50 U.S.C. §§ 4801-4826, and/or the U.S. Export Administration Regulations ("EAR"), as amended, 15 C.F.R. §§ 730, *et seq.* and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V) (collectively "U.S. Export Control Laws").

Specifically, ITAR regulations control the export of defense-related articles and services on the United States Munitions List ("USML"). The Deputy Assistant Secretary of State for Defense Trade Controls, Bureau of Political-Military Affairs ("DDTC") interprets and enforces ITAR, and its goal is to safeguard U.S. national security and further U.S. foreign policy objectives. ITAR regulations dictate that information and material pertaining to defense and military-related technologies (for items listed on the USML) may only be shared with U.S. Persons who have not been indicted or otherwise charged with violating the U.S. criminal statutes enumerated in 22 C.F.R. § 120.27 and whose names do not appear on relevant disbarment lists. Government contractors, such as Defendants in this case face heavy fines, criminal penalties, and loss of government contracts if they, intentionally or not, provide access to ITAR-protected defense articles, services or technical data to persons who are not eligible to receive such documents, materials, or information. Prior to disclosure, documents subject to U.S. Export Control Laws must be stamped to indicate that the materials are subject to export control laws. Any access to the documents must be restricted to ensure that export-controlled information, as defined by the above listed federal statutes and regulations, is not

disclosed in violation of U.S. Export Control Laws. Violation of these statutes will subject the producing party to fines and other potential penalties.[1]

This Court has authority to issue a protective order for good cause. Fed. R. Civ. P. 26(c)(1). Given the national security interests and the potential for severe criminal and civil penalties, there is a clear showing of a particular and specific need for this protective order. *Blankenship v. Hearst Corp.*, 519 F. 2d 418, 429 (9th Cir. 1975); *see also* 22 U.S.C.A. § 2778(h) (stating that "defense articles or defense services for purposes of this section shall not be subject to judicial review.")

In similar circumstances, courts have found good cause for protective orders in cases involving documents and information deemed confidential under U.S. Export Control Laws. *See, e.g., Ross-Hime Designs, Inc. v. Unites States*, 109 Fed. Cl. 725, 744-46 (2013) (structure descriptions, drawings, and photographs requiring an export license pursuant to the Export Administration Regulations were within the scope of restricted information covered by a protective order); *United States v. Int'l Bus. Machs. Corp.*, 461 F. Supp. 732 (S.D.N.Y. 1978) (protective order issued for defense exhibits, including applications and licenses deemed confidential pursuant to the Export Administration Act).

These export control requirements make it imperative that documents produced in discovery are handled in such a way so that violation of the various controls on dissemination of the information are not violated. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, and to adequately restrict the disclosure of export-controlled

---

[1] Export control laws provide for substantial penalties, both civil and criminal. Failure to comply with ITAR can result in civil fines as high as $500,000 per violation, while criminal penalties include fines of up to $1,000,000 and 20 years imprisonment per violation. *See* 22 C.F.R. 127.3, 22 U.S.C. § 2278(c), (e). Under EAR, maximum civil fines can reach $250,000 per violations. Criminal penalties can be as high as $1,000,000 and 20 years of imprisonment per violation. 50 U.S.C. § 2410, 50 U.S.C. § 1705.

information as required by the laws of the United States, while ensuring the parties are permitted reasonable and necessary uses of such material in preparation for and in the conduct of trial, and to serve the ends of justice, a protective order for such information is justified in this matter.

Wherefore:

1. It is hereby ordered by the Court that the following shall apply to information, documents, testimony, excerpts from documents, and other materials produced in this action by the parties to this action pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of the Central District of California governing disclosure and discovery.

2. Information, testimony, documents and other materials may be designated ("Designated Material") by any of the parties to this lawsuit, ("Designating Party(ies)") in the manner permitted as set forth in this Protective Order ("this Order"). All such information, testimony, documents, excerpts from documents, and other materials will constitute Designated Material under this Order. The designations shall be (a) "CONFIDENTIAL" ("Confidential"); and/or, (b) "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations, Export Control Reform Act," ("Export-Controlled").

3. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL," and/or "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations, Export Control Reform Act," thus clearly identifying the category of Designated Material for which protection is required under the terms of this Order. Depending on the nature and substance of the document it may designated with more than one designation under this Order. Designated Material not reduced to documentary form shall be designated by the Designating Party in a reasonably equivalent way.

4. Nondisclosure of information designated as Confidential:

a. Information may be designated as Confidential if the information constitutes (i) a trade secret as defined under law; (ii) confidential or proprietary business information, the disclosure of which might adversely affect or prejudice the business or the competitive position of the Designating Party or any of that party's past or present subsidiaries, affiliated companies, or divisions, within that party's trade or business; (iii) non-public financial information relating to the Designating Party or any of that party's present or past subsidiaries, affiliated companies or divisions; (iv) non-public information which the Designating Party is under an obligation to any other person to maintain in confidence; or (v) any information otherwise protected from disclosure by the applicable rules of civil procedure and/or rules of evidence.  Confidential information will mean and include information contained or disclosed in any materials, including without limitation, documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is designated as Confidential as set forth in this Order by any party to which such information belongs.  All documents marked as "Proprietary" will be deemed as designated Confidential.

b. The Parties agree that information designated Confidential may be used by any or all parties to the instant litigation for any lawful purposes at deposition and/or trial and may be attached as an exhibit to any depositions taken for these purposes pursuant to the terms of this Order.

c. If a party or its principal or authorized agent receives a subpoena or other process ("Subpoena") demanding production of information or materials that have been designated as Confidential, the recipient of the subpoena shall promptly give notice of the same by electronic mail, certified express mail (return receipt requested), overnight delivery, or facsimile transmission to counsel of record for

the affected Designating Party and shall furnish such counsel with a copy of the Subpoena or other request so that the affected Designating Party may, in its sole discretion, move to quash or limit the Subpoena or request or otherwise oppose production of the material or information designated as Confidential. The person receiving the Subpoena or other request shall not produce the information or material designated as Confidential until the Designating Party has had a reasonable opportunity to challenge the Subpoena or request.

5. Material designated as Confidential shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

   a. Parties: material designated Confidential may be disclosed to parties to this action including their attorneys, directors, officers, employees, and consultants who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before material designated as Confidential is disclosed for this purpose, each intended recipient must agree to be bound by this Order by signing a copy of the form attached hereto as Exhibit A ("Exhibit A").

   b. Other Persons: material designated Confidential may be provided as necessary to copying services, translators, and litigation support firms. Before material designated as Confidential is disclosed to such third parties, each such person must agree to be bound by this Order by signing a copy of Exhibit A.

   c. A party that provides or discloses material designated as Confidential to persons under the provisions of this paragraph (Paragraph No. 5) shall maintain copies of all signed Exhibit A forms and, upon request, shall produce all such signed Exhibit A forms to the Designating Party upon the final termination of this action.

6. The Designating Party shall designate any materials, testimony or

information that it believes to be subject to U.S. Export Control Laws[2] as "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations, Export Control Reform Act."

7. Material designated as Export-Controlled may only be released, disclosed or made accessible to U.S. Persons (as that term is defined at 22 CFR 120.15 and hereafter "U.S. Person" or "U.S. Persons"), that are not named on any restricted or denied party/individual/entity list maintained by relevant government agencies. This restriction applies to any material designated as Export-Controlled, whether stored electronically on a server or otherwise. Before material designated as Export-Controlled is disclosed to any person, each such person must agree to be bound by this Order by signing a copy of Exhibit A, <u>attesting that he or she is</u> a U.S. Person as that term is defined as set forth above and at 22 CFR 120.15, has not been indicted or otherwise charged with violating the U.S. criminal statutes enumerated in <u>22 C.F.R. § 120.27</u>, and is <u>not named on any restricted list or on any denied party/individual/entity list maintained by any government agency that would disqualify him or her from receiving Export-Controlled materials or information. Additionally, before material designated as Export-Controlled is disclosed to any person, each such person</u> shall provide a copy of his or her signed Exhibit A to the Designating Party releasing the materials, testimony, and/or information designated as Export-Controlled, and shall obtain approval from the Designating Party that he or she is eligible to receive materials or information designated as Export-Controlled. The Designating Party may, at its discretion, confirm the attestations contained within the

---

[2] U.S. Export Control Laws shall include the U.S. Arms Export Control Act, as amended, <u>22 U.S.C. §§ 2751-2799</u>, the International Traffic in Arms Regulations, as amended, 22 CFR 120-130 ("ITAR"), the Export Control Reform Act, <u>50 U.S.C. §§ 4801-4826</u>, and/or the U.S. Export Administration Regulations, as amended, 15 CFR 730 et seq. ("EAR") and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V).

signed Exhibit A before approving that person for receipt of materials, testimony, and/or information designated as Export-Controlled.

8. In addition to the other requirements of this Order, by accepting material designated as Export-Controlled, the receiving party represents and warrants that he/she/it is a U.S. Person (as that term is defined as set forth above and at 22 CFR 120.15) and that he/she/it will comply with all applicable export, import, and sanctions laws, regulations, orders, and authorizations.

9. Prior to disclosing any Designated Material to any person, the person making such disclosure shall:

    a. inform the person to whom disclosure is intended of the Confidential and/or Export-Controlled nature of the Designated Material by calling their attention to the designations and explaining what each designation means as set forth in this Order;

    b. inform the person to whom disclosure is intended that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person;

    c. provide the person to whom disclosure is intended with a copy of this Order and obtain a copy of Exhibit A that is signed by that person; and,

    d. for any material designated as Export-Controlled, provide a copy of Exhibit A signed by the person to whom disclosure is intended and obtain approval from the Designating Party for the person to whom disclosure is intended to receive the materials or information designated as Export-Controlled before disclosing the Export-Controlled materials to that person as set forth in Paragraph No. 7 of this Order.

10. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

11. The Designating Parties will use reasonable care to avoid designating documents or information that do not qualify for a designation.

12. Improper designations are prohibited. Designation under this Order as Export-Controlled is allowed only as required by the applicable export control regulations.  If a Designating Party learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all parties that it is withdrawing or modifying the mistaken designation.  Additionally, a party may submit a request in writing to the Designating Party that produced Designated Material that the designation be modified or withdrawn.  If the Designating Party does not agree to the withdrawal or re-designation within fifteen business days, the objecting party may apply to the Court for relief.  A motion requesting that a designation be modified or withdrawn must identify, with specificity, the designation(s) at issue and the reasons why the moving party asserts that the designation is improper.  Upon any such application/motion, the burden shall be on the Designating Party to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter.

13. When Export-Controlled testimony is sought at a deposition or when Export-Controlled information or material is produced or requested to be produced at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Export-Controlled material may be disclosed under this Order.

14. A party may mark Designated Material as a deposition exhibit, only if the deposition witness is one to whom the exhibit may be disclosed under this Order and if the exhibit displays the same designation as the original Designated Material.

15. A party which reasonably anticipates it will use, disclose, seek the disclosure of, or be requested to disclose information or material at a hearing or discovery proceeding that is or will be designated as Export-Controlled material must notify all parties of the same as soon as practicable after serving or receiving notice of the hearing

[PROPOSED] PROTECTIVE ORDER REGARDING
CONFIDENTIAL AND EXPORT-CONTORLLED MATERIALS

561440.1

or discovery proceeding but, at a minimum, within ten days of the hearing or discovery proceeding, time permitting.  If the party serving notice of the hearing or discovery proceeding reasonably anticipates that Export-Controlled material will be used or disclosed at the hearing or discovery proceeding, that party must also identify the Designating Party of the Export-Controlled material that it anticipates will be used or disclosed in its notice to all parties that Export-Controlled material will be used or disclosed at the hearing or proceeding.  Parties who expect to attend any hearing or discovery proceeding where notice has been given about the possible disclosure of Export-Controlled material pursuant to this paragraph must provide to the Designating Party an Exhibit A, completed and signed by the person that will be attending the hearing or proceeding, and obtain approval from the Designating Party that the person that will be attending the hearing or proceeding is eligible for receipt of Export-Controlled materials or information.  A completed and signed Exhibit A for any and all persons who intend to attend the hearing or discovery proceeding must be provided to the Designating Party at least 10 days before the date noticed for the hearing or discovery proceeding.  The Designating Party will respond as to whether a person has been approved for receipt of Export-Controlled materials no later than five business days after receiving a completed and signed Exhibit A for that person.  Any party that fails to timely provide a completed and signed Exhibit A for the person that they intend to attend the hearing or discovery proceeding on its behalf under this Order may waive its right to be present at the subject hearing or discovery proceeding.

16.     Deposition transcripts, or portions thereof, may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within fifteen business days after the Designating Party's receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof, including any "rough draft," incomplete or uncertified copies of the transcript in their possession or control as directed by the Designating Party.  For any hearing or discovery proceeding where a party provides

notice that it anticipates disclosure of Export-Controlled materials as set forth in Paragraph No. 15, pending expiration of the fifteen business days as referenced in this paragraph, the deposition transcript shall be treated as designated Export-Controlled in its entirety, and may not be distributed to anyone other than the Designating Party.

17. Designated Material may only be filed with a court under seal pursuant to Local Rule 79-5, identified as being subject to this Order as Confidential or Export-Controlled material, and protected from being opened except by court order. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. In accordance with ITAR, EAR, and NISPOM statutes and regulations, the Court will determine how Designated Material will be treated during trial.

18. At a hearing or trial, the Court will determine whether Designated Material may be introduced or disclosed or discussed only in a closed courtroom or in chambers, and whether any persons, except for those permitted access by this Order to the Designated Material at issue, shall be permitted to attend any hearing or trial at such time as Designated Material information is disclosed. Portions of transcripts of hearing or trial proceedings, or introduced exhibits, where Designated Material is disclosed must be marked as the type of Designated Material at issue and access to the marked portions shall be restricted as consistent with this Order.

19. Upon final termination of this action as to any Designating Party (whether by settlement, judgment, dismissal, or otherwise), all Designated Material produced by that Designating Party, and copies thereof, shall be destroyed or promptly returned (and in no event later than forty-five (45) days after said termination) to that Designating Party. In the case of transcripts, the Designated Material shall be destroyed or permanently redacted including any electronically stored transcripts or copies. The receiving party shall, upon request from the Designating Party, provide to the Designating Party a certification that all Designated Materials have been returned or destroyed, or in the case of transcripts, permanently redacted (including any

electronically stored copies).

20. Inadvertent production of Confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim that the material is Confidential. Any such error shall be corrected within a reasonable time.

21. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days.

22. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

23. Entering into or agreeing to this Order and/or receiving or producing Designated Material pursuant to this Order or otherwise complying with the terms of this Order shall not:

    a. be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding;

    b. operate as an admission by any party that any particular information or material designated as Confidential contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

     c.    operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be Confidential;

     d.    prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

     e.    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

     f.    prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Order;

     g.    prejudice in any way the rights of a party to make a showing that information or materials are of proprietary or competitive value;

     h.    prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material; or

     i.    shift any evidentiary burdens with respect to the protection or production of documents or information in this action.

24. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

25. Upon final termination of this action, the Clerk shall return to counsel or destroy any Designated Materials that were not sealed provided that no Notice of Appeal has been filed, and the time for filing such Notice of Appeal has expired.

IT IS SO ORDERED.

Dated: July 1, 2020

/S/ CHARLES F. EICK
Honorable Charles F. Eick
United States Magistrate Judge

# EXHIBIT A

I have read and received a copy of the Protective Order entered in the lawsuit entitled *Arthur Rosengren, et al. v. Curtiss-Wright Corporation, et al.;* Case No. 2:19-cv-09064-SVW-E.

I attest that I am, (a) a party in this case; (b) counsel, staff, or a vendor for counsel representing a party in this case; or, (c) a consultant or expert retained by a party in this case. I hereby agree that I will not disclose any information contained in Designated Material to any person unless permitted by this Order. I further agree not to use any such information for any purpose other than this litigation and pursuant to the restrictions set forth in this Order.

I attest that I am qualified under all U.S. Export Laws and Regulations[3] to receive Export-Controlled materials and information as set forth in the Protective Order and that I will comply with all such Laws and Regulations with regard to the receipt of any materials designated as Export-Controlled. I attest that I am a U.S. Person as that is defined at 22 CFR 120.15, have not been indicted or otherwise charged with violating the U.S. criminal statutes enumerated in 22 C.F.R. § 120.27, and am not named on any restricted list or on any denied party/individual/entity list maintained by any government agency that would disqualify me for the receipt of Export-Controlled materials or information. I understand that by the terms of the Protective Order, I am not eligible to receive and agree that I will not receive any such Export-Controlled information or materials designated in this case unless and until I receive confirmation that I have been

---

[3] U.S. Export Control Laws shall include the U.S. Arms Export Control Act, as amended, 22 U.S.C. §§ 2751-2799, the International Traffic in Arms Regulations, as amended, 22 CFR 120-130 ("ITAR"), the Export Control Reform Act, 50 U.S.C. §§ 4801-4826, and/or the U.S. Export Administration Regulations, as amended, 15 CFR 730 et seq. ("EAR") and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V).

approved to do so as set forth in Paragraph No. 7 of the Protective Order.

Within thirty (30) days after the termination of the lawsuit against the Designating Party of any Designated Materials that I receive, I agree to return any and all copies of the Designated Materials produced by that Designating Party, as outlined in this Order, to counsel for the Designating Party or the party that I am working for or associated with so that the Designated Materials that I received can be returned to the Designating Party or destroyed, as set forth in Paragraph No. 19 of this Order. I will not maintain a copy of any Designated Materials in my possession (or any notes, summaries, or abstracts of its substance) without the express, written authority from the Designating Party.

As a condition of having access to Designated Material, I agree and consent to be subject to the jurisdiction of The United States District Court for The Central District of California with respect the enforcement of the provisions of the Order.

Full Name:

Business Address:

City and State of Residence:

DATED:

Signature:

<u>CERTIFICATE OF SERVICE</u>

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, 42nd Floor, Los Angeles, CA 90071.

On **July 1, 2020**, I served the following document entitled **[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIALS** on the interested parties in this action by:

**(X)** **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

**( )** **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, for each address named on the attached service list for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

**(X)** I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on **July 1, 2020**, at Los Angeles, California.

*/s/ Stella S. Villegas*
Stella Villegas

CERTIFICATE OF SERVICE

561440.1